921 F.2d 277
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Sheryl D'Epifanio, Lee D. Gilman, M.
Hensley, Ed Bradshaw, Chris Daniels, Sandra
Girard, Dennis Dyke, Harold Jones,
Defendants-Appellees.
 No. 90-1034.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1990.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Carlos Williams, appeals from the dismissal of his pro se 42 U.S.C. Sec. 1983 complaint. Williams's complaint is predicated upon his transfer from Muskegon Temporary Facility to the State Prison of Southern Michigan (SPSM). Williams argues that his security reclassification and transfer were improper since they were in retaliation for his exercise of first amendment religious freedom rights. Plaintiff sued a number of state officials whom he felt were one way or another involved with his transfer. He also sued Sandra Girard, the director of the Prison Legal Services of Michigan (PLSM), on a theory that her decision not to choose him to be trained as a prison inmate paralegal was motivated by racial animus.
 
 
 2
 In dismissing plaintiff's complaint, Judge Newblatt carefully interpreted plaintiff's rambling and conclusory complaint and issued a detailed written opinion in which he considered all of plaintiff's contentions. Upon a review of the record, we conclude that the complaint was properly dismissed and we will affirm, adopting Judge Newblatt's opinion as the opinion of this court. We write briefly only for further clarification.
 
 I.
 
 3
 The first issue we address is a jurisdictional one. Defendant Sandra Girard argues that the appeal as to her is improper since Judge Newblatt dismissed only the section 1983 claims against her and not the Title VII claims. Although there is understandable confusion on this issue, we interpret Judge Newblatt's opinion and order in a different manner.
 
 
 4
 To begin with, if Girard is correct, this entire appeal properly would not be before the court since the district court did not dispose of all claims and there was no certification as is required by Fed.R.Civ.P. 54(b). However, despite the language used in the court's opinion, the judgment entered states, as to Girard, that the "complaint is Dismissed without prejudice...." Since a court speaks through its orders and judgments, the language in the judgment is controlling. We believe that Judge Newblatt in following his duty to view pro se complaints indulgently, was merely indicating that plaintiff might be able to state a cause of action under Title VII, although there is no indication that plaintiff had fulfilled any of the necessary prerequisites to filing such an action.
 
 
 5
 We also note that there appears to be some confusion as to whether all of the defendants were served. Since we are affirming a dismissal as to all defendants, it appears unnecessary to pursue the service issue further.
 
 II.
 
 6
 Plaintiff's classification level was increased on April 19, 1989, due to documented activities with members of a Melanic group, which activities were deemed to be a threat to the order and security of the institution. The activities primarily concerned marching and jogging with other inmates in a military formation complete with cadence and hand signals. It is not our function to second-guess prison officials as to whether this conduct was serious enough to require a security reclassification.[1] Plaintiff cites no rule or regulation which would have prohibited such a transfer. We have repeatedly held that prisoners have no liberty interest in staying in any given institution, and wide latitude is accorded prison authorities in making transfers.
 
 III.
 
 7
 We find no merit to Williams's claim against Girard. As director of PLSM, Girard selects, trains, and utilizes prison inmates as paralegals. Williams applied and scored well on the written test but was not chosen because it was not clear he would remain at SPSM for 60 days or longer since he was protesting his transfer there. PLSM simply cannot invest the time and resources necessary to train an individual for a position at a given institution, unless it is certain that that person will remain at the institution for a reasonable length of time. Although Williams is black, white inmates were rejected for the same reason.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James L. Graham, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Since Williams was in a security level II institution, once his classification was raised, it was necessary that he be transferred to a more secure institution